(25 P.3d 142)

No. 84,116

RONALD EDWARDS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed May 11, 2001.

*Daniel C. Estes*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Angela M. Wilson*, assistant district attorney, *Christine Kenney Tonkovich*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BEIER, JJ.

BEIER, J.: Ronald Edwards appeals the district court's denial of his K.S.A. 60-1507 motion alleging ineffective assistance of counsel. We conclude Edwards' claim that his counsel should have taken issue with evidence arising from his accomplice's plea bargain is without merit.

When reviewing the denial of a K.S.A. 60-1507 motion, an appellate court must determine whether the district court's findings of fact are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Graham v. State*, 263 Kan. 742, 753, 952 P.2d 1266 (1998). In order to prevail on a claim of ineffective assistance of counsel, a movant must show counsel made errors so serious that his or her performance was less than that guaranteed by the Sixth Amendment and that counsel's deficient performance prejudiced the defense, depriving movant of a fair trial. *State v. Hedges*, 269 Kan. 895, 913, 8 P.3d 1259 (2000).

Movant argues his counsel was ineffective because he failed to object or move to suppress an accomplice's testimony. The accomplice had entered into a plea agreement and received leniency in exchange for his testimony on behalf of the State in Edwards' case.

Edwards contends the deal violated the rules governing lawyers' ethical conduct and K.S.A. 21-3807(a)(1).

Kansas Rule of Professional Conduct (KRPC) 3.4(b) (2000 Kan. Ct. R. Annot. 389) provides that a lawyer shall not "falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law."

K.S.A. 21-3807(a)(1) provides: "Compounding a crime is accepting or agreeing to accept anything of value as consideration for a promise: (1) Not to initiate or aid in the prosecution of a person who has committed a crime."

KRPC 3.4(b) prohibits only unlawful inducements, and the inducement offered Edwards' accomplice was not unlawful under K.S.A. 21-3807(a)(1). The statute does not apply even if one assumes for the purposes of argument that the accomplice's testimony was something "of value" to the prosecutor, and the prosecutor's willingness to deal was something "of value" to the accomplice. Neither side in the plea negotiation agreed in exchange for something of value not to prosecute Edwards or the accomplice. In fact, both were prosecuted.

We also note that applying K.S.A. 21-3807(a)(1) as Edwards suggests would contradict K.S.A. 21-4713, which provides:

"The prosecutor and the attorney for the defendant, or the defendant when acting pro se, may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea to a charged offense or to a lesser or related offense, the prosecutor may do any of the following:
"(a)   Move for dismissal of other charges or counts;
"(b)   recommend a particular sentence within the sentencing range applicable to the offense or to the offense to which the offender pled guilty;
"(c)   recommend a particular sentence outside of the sentencing range only when departure factors exist and shall be stated on the record;
"(d)   agree to file a particular charge or count;
"(e)   agree not to file charges or counts; or
"(f)   make any other promise to the defendant . . . ."

Our Supreme Court has set forth the proper analysis when such a conflict appears to exist:

"In construing statutes and determining legislative intent, several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire act if it is

reasonably possible to do so. [Citation omitted.] " 'General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling.' " [Citation omitted.]" *State v. Le*, 260 Kan. 845, 847-48, 926 P.2d 638 (1996).

K.S.A. 21-4713 is a specific statute that sets forth the lawful actions a prosecutor can take in offering a plea bargain. This contrasts with the general prohibition against compounding a crime in K.S.A. 21-3807. It also is noteworthy that K.S.A. 21-3807 was enacted first, and it is thus unlikely the legislature intended every plea bargain entered into in compliance with K.S.A. 21-4713 to be a crime.

This conclusion is bolstered by the Supreme Court's related ruling in *State v. Barksdale*, 266 Kan. 498, 515, 973 P.2d 165 (1999). In that case, the defendant relied on *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998), *overruled upon rehearing en banc* 165 F.3d 1297 (10th Cir. 1999), *cert. denied* 527 U.S. 1024 (1999), to argue that the district court erred in allowing a witness' testimony because it was obtained in return for the State's promise to contact the parole board on his behalf. The Supreme Court found *Singleton* was inapplicable to the case because Kansas did not have a statute comparable to 18 U.S.C. § 201(c)(2) (1994), which prohibits the giving, offering, or promising of anything of value to a witness for his or her testimony. The court further stated: "[T]here is no constitutional prohibition against the testimony of a witness who receives benefits in exchange for testimony." 266 Kan. at 515.

Although the district court based its decision in this case on a rationale different from ours, the reason for its decision is immaterial if its ruling is correct for any reason. See *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 110, 118, 936 P.2d 714 (1997). In view of our interpretation of KRPC 3.4(b) and K.S.A. 21-3807(a)(1), the district judge was correct in denying Edwards' K.S.A. 60-1507 motion.

Affirmed.