(71 P.3d 1180)
No. 89,787

DOUG L. WILSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed July 3, 2003.

*Quentin J. Boone*, of Law Office of Quentin J. Boone, of Hays, for appellant.

*Thomas J. Drees*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., KNUDSON, J., and LARSON, S.J.

LARSON, J.: In this K.S.A. 60-1507 appeal, Doug L. Wilson asks for retroactive application of our decision of *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002).

We decline to apply our *Frazier* decision retroactively in a collateral attack on an unappealed guilty conviction and affirm the trial court.

On October 12, 1999, Wilson pled no contest to possession of ephedrine/pseudoephedrine, contrary to K.S.A. 1999 Supp. 65-7006(a), attempted manufacture of methamphetamine, contrary to K.S.A. 65-4159 and K.S.A. 21-3301, and possession of methamphetamine with intent to sell, contrary to K.S.A. 65-4161. After an extensive plea hearing, Wilson was found guilty on all three charges.

Wilson's pleas were the result of a favorable plea agreement where, in exchange for the three no contest pleas, the State dismissed nine counts in the three cases where he pled and completely dismissed all charges in two other cases.

On March 14, 2000, Wilson was sentenced to 146 months for possession of ephedrine/pseudoephedrine, a severity level 1 drug

felony, 45 months for attempted manufacture of methamphetamine, and 20 months for possession of methamphetamine with intent to distribute. All three sentences were ordered to run concurrently. Wilson did not appeal.

On March 15, 2002, the Kansas Court of Appeals filed its decision in *Frazier*. The *Frazier* court found K.S.A. 2001 Supp. 65-7006(a) to be equivalent to the statute prohibiting possession of drug paraphernalia, K.S.A. 2001 Supp. 65-4152(a)(3), a drug severity level 4 felony, and directed the level 1 sentence to be modified to a level 4 sentence.

Wilson subsequently filed a motion, contending he was illegally sentenced and asked that his level 1 sentence be reduced to a level 4 sentence which with his time served would result in his release.

The trial court ruled in October 2002 that Wilson's K.S.A. 60-1507 motion could not be used to attack a sentence which Wilson failed to appeal. The court held the original sentence was appropriate for Wilson's criminal history considering the severity level of the crime at the time sentence was imposed and that the *Frazier* decision was not to be applied retroactively.

From this ruling, Wilson appeals.

The only issue we face is whether our decision in *Frazier* is to be applied retroactively. If it is, Wilson's sentence must be reduced to that which is appropriate for a severity level 4 felony. If it is not, the original sentence imposed by the trial court must be served.

Wilson contends the question of whether *Frazier* is to be applied retroactively is a question of law over which our review is unlimited. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). In addition, an illegal sentence may be corrected by an appellate court at any time. *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998).

The State suggests our standard of review of the denial of a K.S.A. 60-1507 motion is to determine if there is substantial competent evidence to support its findings and if those findings are sufficient to support its conclusions of law. *Edwards v. State*, 29 Kan. App. 2d 75, 25 P.3d 142 (2001). The State also cites *Donlay* for the rule that our review of questions of law is unlimited.

We first point to the statutory wording of the two statutes in issue in this appeal. K.S.A. 1999 Supp. 65-7006(a), the statute in effect at the time Wilson committed the crime, provides: "It shall be unlawful for any person to possess ephedrine, pseudoephedrine or phenylpropanolamine . . . with intent to use the product as a precursor to any illegal substance." By comparison, K.S.A. 65-4152(a)(3) states, in relevant part: "No person shall use or possess with intent to use . . . any drug paraphernalia to . . . manufacture . . . a controlled substance in violation of the uniform controlled substances act." The definition of drug paraphernalia includes all equipment, products, and materials used or intended for use in manufacturing a controlled substance. K.S.A. 65-4150(c).

Where two offenses contain identical elements but carry different severity level classifications, a defendant convicted of either crime may be sentenced only according to the lesser severity level. *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 (1989).

In *Frazier*, this court concluded that possession of ephedrine or pseudoephedrine and possession of drug paraphernalia, as proscribed in K.S.A. 1999 Supp. 65-7006(a) and K.S.A. 65-4152(a)(3), respectively, are identical offenses despite their variations in terminology:

"Both offenses prohibit the possession of ephedrine or pseudoephedrine for use in the manufacture of a controlled substance. Ephedrine or pseudoephedrine fall within the definition of drug paraphernalia because they are materials used to manufacture a controlled substance. See K.S.A. 65-4150(c).

". . . Although the statutes use different language, they require the same requisite criminal intent and, as such, the elements are identical. As a result, we find that possession of ephedrine or pseudoephedrine and possession of drug paraphernalia are identical offenses." 30 Kan. App. 2d at 405.

This court vacated Frazier's sentence and remanded the case with directions to impose a sentence consistent with the penalties for a drug severity level 4 felony.

As we have previously stated, our case, while factually following the *Frazier* scenario, differs because Wilson is collaterally attacking his sentence by way of a K.S.A. 60-1507 motion. He could have raised the precise question decided by *Frazier* on appeal, but he

failed to do so. In addition, he received the benefits of a very favorable plea agreement with numerous counts and two companion cases dismissed.

The State asks us to rely on the rule of *State v. Neer*, 247 Kan. 137, Syl. ¶ 3, 795 P.2d 362 (1990), that "[a] new constitutional rule of criminal procedure generally will not be applied retroactively to cases on collateral review." There are several very limited exceptions to this rule, but the problem with the State's argument is that we are not here dealing with a "constitutional rule of criminal procedure" and *Neer* is simply not applicable to our situation.

Wilson recognizes that *Frazier* represents new case law but contends the only period for which the concept of retroactiveness must be considered is when the statute (K.S.A. 1999 Supp. 65-7006[a]) is being applied to a defendant prior to its original enactment before July 1, 1999. This argument, like the State's *Neer* argument referred to above, has no applicability to our situation because Wilson's criminal acts took place September 1, 1999. On that date, both L. 1999, ch. 170, sec. 12 (K.S.A. 1999 Supp. 65-7006[a]) and L. 1999, ch. 170, sec. 4 (K.S.A. 1999 Supp. 65-4152[a]) were in full force and effect.

An alternative argument that Wilson can make is that his situation is like that in *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992). In *Williams*, a lesser penalty resulted from a holding that where there is a single act of forcible sexual intercourse and the defendant is related to the victim, the crime which is committed is aggravated incest, K.S.A. 21-3603(1), a class D felony, and not indecent liberties with a child, K.S.A. 21-3503(1)(b), a class C felony. Aggravated incest was deemed to be the more specific crime because of the relationship of the parties. The *Williams* opinion stated the legislature appeared to reason it was a less serious offense when the victim was related to the defendant than when there was no family relationship.

Based on the *Williams* holding, a K.S.A. 60-1507 motion was filed in *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994), contending the district court lacked jurisdiction to convict Carmichael of rapes of his granddaughter. The Court of Appeals agreed and reversed the rape convictions. 18 Kan. App. 2d 435, 448, 856

P.2d 934 (1993). Our Supreme Court reversed the Court of Appeals, holding there *was* jurisdiction to convict Carmichael but that the rape sentences were to be vacated and Carmichael was to be resentenced for aggravated incest. 255 Kan. at 19-20.

The holding of *Carmichael* can be argued to compel and justify a retroactive application of *Frazier* in a collateral attack situation. Unfortunately for Wilson, the general versus specific situation in *Carmichael* is reversed in his case as the language of K.S.A. 1999 Supp. 65-7006(a) is more specific and K.S.A. 65-4152(a)(3) is the more general crime.

In addition, K.S.A. 1999 Supp. 65-7006(a) is the later enacted criminal statute; possession of ephedrine and pseudoephedrine is specifically prohibited with intent to use the product to manufacture a controlled substance and the violation level is raised to a severity level 1 felony, indicating a legislative intent to treat Wilson's activity more harshly. There remains, however, the argument that the two crimes are identical, and under the reasoning of *Carmichael* and *Nunn*, only the sentence for the lesser severity level could be entered.

A case that is more compelling to us is the recent decision in *Easterwood v. State*, 273 Kan. 361, 383, 44 P.3d 1209 (2002), which held that intervening appellate decisions interpreting the felony-murder statute did not apply retroactively to a defendant's collateral attack on his felony-murder conviction. Also of interest is the decision in *Whisler v. State*, 272 Kan. 864, 36 P.3d 290 (2001), holding that *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) (and our Kansas case of *State v. Gould*, 271 Kan. 394, 23 P.3d 801 [2001]), do not apply retroactively to cases on collateral review.

While language of both cases is instructive, we will focus on *Easterwood* as it relates to the announcement of a new rule of case law while *Whisler* involved a constitutional rule of criminal procedure. This difference was pointed out in *Easterwood*, 273 Kan. at 371, which we will not here repeat.

In *Easterwood*, the defendant pled guilty to felony murder following the death of a co-felon by a law enforcement officer. There was a favorable plea agreement. Easterwood did not appeal. Sev-

eral years later, he filed a K.S.A. 60-1507 motion which was denied by the district court. While this ruling was being appealed, the Kansas Supreme Court filed two opinions, *State v. Sophophone*, 270 Kan. 703, 19 P.3d 701 (2001), and *State v. Murphy*, 270 Kan. 804, 19 P.3d 80 (2001), which were favorable to Easterwood. The *Sophophone* facts were nearly identical, as the deaths in both cases resulted from the lawful acts of law enforcement officers.

On appeal, Easterwood challenged his felony-murder conviction and argued that it should be set aside or his guilty plea withdrawn. Easterwood contended that the *Sophophone* and *Murphy* decisions should be applied retroactively to allow him to attack his conviction on collateral review based on the United States Supreme Court decision in *Bousley v. United States*, 523 U.S. 614, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998).

We will not here repeat *Easterwood's* detailed discussions of *Bousley* and *Fiore v. White*, 531 U.S. 225, 148 L. Ed. 2d 629, 121 S. Ct. 712 (2001), 273 Kan. at 373-79, which concluded state courts were under no constitutional obligation to apply their criminal decisions retroactively and federal decisions did not compel that Easterwood's contentions be followed. The *Easterwood* decision also pointed out that *State v. Neer*, 247 Kan. 137, involved a constitutional rule of criminal procedure and not a rule of substantive law. 273 Kan. at 380.

Ultimately, Easterwood relied on the fact he had received a favorable plea agreement, he had been told by counsel that felony murder might not fit his situation, and he elected not to gamble on the outcome of a trial and appeal. The court stated: "We will not now retroactively decide that his plea is void because of a later favorable ruling on the precise issue he voluntarily declined to challenge." 273 Kan. at 383.

There are significant similarities between the *Easterwood* decision and Wilson's case. There is also one significant difference.

Wilson, like Easterwood, received a favorable plea agreement. In exchange for his pleas of no contest, the State dismissed nine counts in the three cases he pled to and completely dismissed two other cases. In addition, the sentences were imposed concurrently.

The significant difference is that there was no discussion by counsel shown of record that Wilson might argue for the *Frazier* result. It is perfectly logical that with K.S.A. 1999 Supp. 65-7006(a) so new and Wilson facing so many counts and charges that even if the argument had been raised the detriments would outweigh the possible benefits of fighting the *Frazier* issue in the district and appellate courts along with all the existing charges. Based on the lack of a record before us, it is not proper for us to speculate on facts that may or may not have been a part of the plea negotiations.

We decline, under the facts presented to us in this case, to rule that *Frazier* must be applied retroactively. To do so would give Wilson a double benefit, a favorable plea agreement and then the benefit of an issue he initially failed to raise on appeal. *Carmichael*, 255 Kan. 10, is not applicable for the reasons previously set forth.

The trial court is affirmed.

KNUDSON, J., concurring: I fully agree with Judge Larson's reasoning and the specific holding announced. I write separately to express my dissatisfaction with *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). Respectfully, I am convinced *Frazier* is wrongly decided for two reasons.

First, the sentence imposed by the district court in *Frazier* was not illegal. In *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997), the court stated:

"We have defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]"

In *Frazier*, the district court clearly had jurisdiction of subject matter and the person of the defendant with the sentence imposed as proscribed for a drug severity level 1 felony. Even if K.S.A. 1999 Supp. 65-7006(a) and K.S.A. 65-4152(a)(3) are identical crimes as held in *Frazier*, the fact remains Frazier was charged under 65-7006 and did not interpose any objections before the district court. In labeling the sentence as "illegal," the *Frazier* panel was able to avoid the thorny questions that arise when a defendant plea bar-

gains and enters a dispositive plea. Moreover, *Frazier* purports to be grounded upon the holdings in *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989), and *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), but neither case holds the underlying sentence to be illegal. Rather, *Nunn* adopts the holding in *Clements* that "[a]s to identical offenses, a defendant can only be sentenced under the lesser penalty." 241 Kan. at 83. This does not suggest to me that imposition of the greater sentence was illegal, it was simply the wrong sentence under the circumstances of the case.

Secondly, K.S.A. 65-4152(a)(3) and K.S.A. 1999 Supp. 65-7006(a) are not identical offenses. As correctly noted by the *Frazier* panel, the statutes use different language to describe the respective offenses. Notwithstanding, the panel then proceeds to conclude this is a distinction without a difference as both prohibit the same identical conduct. The difficulty is that both statutes do not prohibit the same identical conduct. K.S.A. 1999 Supp. 65-7006(a) prohibits possession of drugs used to make methamphetamine. K.S.A. 65-4152(a)(3) prohibits possession of drug paraphernalia. To conclude that the offenses are identical required the *Frazier* panel to construct an interpolation inconsistent with the logic and expressed reasoning in *Nunn* and *Clements*. In both of those cases the allegations to support a charge of either aggravated criminal sodomy or indecent liberties were identical:

"Aggravated criminal sodomy is:

"(a) Sodomy with a child who is not married to the offender and who is under 16 years of age." K.S.A. 1987 Supp. 21-3506.

(1) Indecent liberties with a child is engaging in any of the following acts with a child who is not married to the offender and who is under 16 years of age:

. . . .

"(b) sodomy." K.S.A. 1984 Supp. 21-3503.

As the Supreme Court could not divine legislative intent when faced with two statutes that were identical as to elements, the common sense result was to conclude only the lesser penalty could be imposed to prevent arbitrary charging by prosecutors. To extend the *Nunn* and *Clements* holdings to the circumstances of *Frazier* is unwarranted. The elements test is tenuous, and the result wholly ignores legislative intent to ratchet up the penalty for possession

of ingredients necessary to cook methamphetamine while imposing a less severe penalty for possession of drug paraphernalia.

I concur in the majority's opinion affirming the judgment of the district court.