(103 P.3d 988)
No. 92,675

TIMOTHY COLLINS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed January 14, 2005.

*Shawn E. Minihan*, assistant appellate defender, for appellant.

*Vernon E. Buck*, first assistant county attorney, *Marc Goodman*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE and HILL, JJ.

RULON, C.J.: Movant Timothy Collins appeals the district court's summary denial of his K.S.A. 2003 Supp. 60-1507 motion. He contends the district court erred in refusing to grant his request to be resentenced under *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004). We disagree and affirm.

In January 2002, the movant was charged with the manufacture of methamphetamine, in violation of K.S.A. 65-4159(a), severity level 1; conspiracy to manufacture methamphetamine, in violation of K.S.A. 65-4159(a) and K.S.A. 21-3302, severity level 1; possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of K.S.A. 2001 Supp. 65-7006(a), severity level 1; possession of methamphetamine with the intent to sell, deliver, or distribute, in violation of K.S.A. 65-4161(a), severity level 3; possession of drug paraphernalia, in violation of K.S.A. 2001 Supp. 65-4152(a)(3), severity level 4; possession of methamphetamine, in violation of K.S.A. 65-4160, severity level 4; and possession of drug paraphernalia, in violation of K.S.A. 2001 Supp. 65-4152(a)(2), a class A misdemeanor.

According to plea negotiations, the movant agreed to enter a guilty plea to the charge of manufacture of methamphetamine, a

severity level 1 offense, in exchange for the dismissal of all the remaining charges. The plea agreement further provided:

"The State will not oppose a downward durational departure to a level II drug charge plus 24 months based on the defendant's criminal history and will not oppose the sentence to run concurrently with identical charges in Coffey County court case number 02 CR 3."

The sentencing court accepted the plea agreement on the record and on May 23, 2002, imposed a 102-month prison sentence for the conviction for manufacture of methamphetamine, ordering the sentence to be served concurrent with the sentence imposed in Coffey County.

On June 24, 2003, the movant filed a K.S.A. 60-1507 motion arguing the imposition of a severity level 1 drug felony for the commission of manufacture of methamphetamine was improper and that he should have been sentenced under K.S.A. 65-4161(a) to a severity level 3 drug felony. The district court denied the motion, relying upon this court's opinion in *State v. McAdam*, 31 Kan. App. 2d 436, 66 P.3d 252 (2003), *aff'd in part, rev'd in part* 277 Kan. 136, 83 P.3d 161 (2004). On February 18, 2004, the movant filed another motion, citing our Supreme Court's opinion in *McAdam*. The district court treated this second motion as a motion for reconsideration and denied the motion.

On appeal, the movant argues the district court erred in denying his K.S.A. 60-1507 motion, claiming he is entitled to have the severity level of his crime of conviction reduced from a level 1 drug felony to a level 3 with an appropriate reduction in sentence following *McAdam* and *State v. Barnes*, 278 Kan. 121, 123-24, 92 P.3d 578 (2004). We disagree.

In *McAdam*, our Supreme Court held that conspiracy to manufacture methamphetamine under K.S.A. 65-4159(a) had identical elements to K.S.A. 65-4161(a), a severity level 3 offense, which deals with illegally compounding substances. The *McAdam* court held that the defendant in that case could only be sentenced to the less severe penalty under the two statutes, *i.e.*, for a level 3 offense.

*McAdam* was a direct appeal from a conviction at jury trial. Here, the movant entered a plea of guilty, did not file a direct appeal

from the sentence imposed, and his sentence became final 10 days after sentencing under K.S.A. 22-3608(c).

The facts here are analogous to those presented in *Wilson v. State*, 31 Kan. App. 2d 728, 71 P.3d 1180, *rev. denied* 276 Kan. 974 (2003), where the defendant sought to have his sentence reduced from a severity level 1 drug felony for possession of ephedrine/pseudoephedrine to a severity level 4 drug felony for possession of drug paraphernalia, citing *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002).

In *Frazier*, this court concluded that possession of ephedrine or pseudoephedrine under K.S.A. 65-7006(a) and possession of drug paraphernalia, as proscribed by K.S.A. 65-4152(a)(3), are identical offenses despite their variations in terminology:

"Both offenses prohibit the possession of ephedrine or pseudoephedrine for use in the manufacture of a controlled substance. Ephedrine or pseudoephedrine fall within the definition of drug paraphernalia because they are materials used to manufacture a controlled substance. See K.S.A. 65-4150(c).

" . . . Although the statutes use different language, they require the same requisite criminal intent and, as such, the elements are identical. As a result, we find that possession of ephedrine or pseudoephedrine and possession of drug paraphernalia are identical offenses." 30 Kan. App. 2d at 405.

This court held that the severity level 1 sentence imposed was illegal and vacated Frazier's sentence and remanded the case with directions to impose a sentence consistent with the penalties for a drug severity level 4 felony. 30 Kan. App. 2d at 406.

In *Wilson*, the defendant, who entered a plea of guilty to possession of ephedrine/pseudoephedrine under K.S.A. 65-7006(a), filed a K.S.A. 60-1507 motion arguing his sentence was illegal following *Frazier*. This court disagreed and held that where a defendant pleads no contest to take advantage of a favorable plea agreement and does not file a direct appeal, he or she cannot collaterally challenge the sentence imposed. 31 Kan. App. 2d 728, Syl. ¶.

The movant suggests that *Wilson* was wrongly decided. Again, we disagree.

Here, the facts are substantially the same procedurally as those in *Wilson*. First, the movant entered into a plea agreement which

resulted in the State agreeing to dismiss several charges and to recommend a downward durational departure. The sentencing court accepted the plea and imposed the sentence recommended in the plea agreement. No direct appeal was taken. Instead, 13 months later, the movant filed a 60-1507 motion. Because our Supreme Court in *Barnes* determined the sentence was not illegal, the question remains whether the movant has any right to a reduced sentence.

The law is well settled that state courts are under no constitutional duty to apply their criminal decisions retroactively. See *Wilson*, 31 Kan. App. 2d at 733. Here, the movant's sentence was final before *McAdam* was decided on January 30, 2004. Likewise, there is no claim that a new constitutional rule of criminal procedure is at issue, nor can the movant argue the *McAdam* decision stands for the proposition that he could not be convicted of the crime as set out in the plea agreement. See *State v. Barnes*, 278 Kan. at 123. We note that there is no right to a lesser sentence when two crimes have the same elements under the United States Constitution. *United States v. Batchelder*, 442 U.S. 114, 125, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979) ("[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.")

We conclude the Kansas Constitution provides no right to a lesser sentence because a defendant's rights under our constitution have generally been held to be no greater than the rights provided by the United States Constitution. See *State v. Morris*, 255 Kan. 964, Syl. ¶ 3, 880 P.2d 1244 (1994) (Provisions of section 10 of the Kansas Constitution Bill of Rights grant no greater protection against self-incrimination than does the Fifth Amendment to the

United States Constitution.); *State v. Schultz*, 252 Kan. 819, 824, 850 P.2d 818 (1993) (The scope of section 15 of the Bill of Rights to the Kansas Constitution and of the Fourth Amendment to the United States Constitution is usually identical.); *In re Habeas Corpus Petition of Lucas*, 246 Kan. 486, 489, 789 P.2d 1157 (1990) (Section 10 of the Bill of Rights of the Kansas Constitution entitles a defendant to the same protection against double jeopardy afforded under the United States Constitution.); *State ex rel. Tomasic v. City of Kansas City*, 237 Kan. 572, 583, 701 P.2d 1314 (1985) (Section 1 of the Kansas Constitution Bill of Rights is given much the same effect as the Equal Protection Clause of the Fourteenth Amendment.).

The movant's only right to relief would arise from our Supreme Court's decisions in *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989), and most recently, *State v. Barnes*. However, *Clements, Nunn,* and *Barnes* were all direct appeals and not collateral attacks as is the case before us.

Of interest is the analysis in *Barnes,* which noted the differences between the claim made in *Barnes* and the claim presented in *Wilson*. The *Barnes* court noted that *Wilson* was a collateral attack versus Barnes' direct appeal from sentencing. Because the appeal in *Barnes* was direct, according to our Supreme Court, much of the analysis in *Wilson* was inapplicable. The reverse would also be true.

In *State v. Clements*, the defendant was convicted of aggravated criminal sodomy under K.S.A. 1986 Supp. 21-3506(a), at that time a class B felony. On appeal, one of the issues Clements raised was that the trial court erred in not instructing the jury on a lesser included offense of indecent liberties with a child, a class C felony at that time. The State agreed that sodomy with a child could have been charged under either statute and that the offenses were identical except for the range of punishment. In response, the *Clements* court held:

"Where identical offenses are involved, the question is not truly a matter of one being a lesser included offense of the other. Each has identical elements and the decision as to which penalty to seek cannot be a matter of prosecutorial whimsy

in charging. As to identical offenses, a defendant can only be sentenced under the lesser penalty. Here, it would have been the better practice to have instructed on indecent liberties with a child, but the error could have been remedied by sentencing defendant as having been convicted of a class C felony rather than a class B felony. Accordingly, the sentence imposed herein must be vacated." 241 Kan. at 83.

Similarly, in *State v. Nunn*, the defendant argued that his sentence was excessive because the crime of conviction, aggravated criminal sodomy, a class B felony, had the same elements as indecent liberties with a child, a class C felony. Citing only its prior opinion in *Clements*, the court reversed and remanded with instructions to impose the lesser sentence. 244 Kan. at 229.

The *Barnes* court recognized the doctrine espoused in *Clements* and *Nunn* was not based on any interpretation of rights under the United States Constitution. Similarly, the *Barnes* court did not indicate that the *Clements/Nunn* doctrine was based in any way on the Kansas Constitution. The holding that "the decision as to which penalty to seek cannot be a matter of prosecutorial whimsy in charging" appears to be a statement of public policy established by our Supreme Court. *Clements*, 241 Kan. at 83; see *Saucedo v. Winger*, 252 Kan. 718, 729, 850 P.2d 908 (1993).

We, however, decline the movant's invitation to extend this doctrine to include a collateral attack, as is presented here, absent direction from our Supreme Court. See *O'Bryan v. Columbia Ins. Group*, 274 Kan. 572, 574-75, 56 P.3d 789 (2002); *Noel v. Menninger Foundation*, 175 Kan. 751, Syl. ¶ 4, 267 P.2d 934 (1954).

As in *Wilson*, we hold that *McAdam* does not apply retroactively to those cases on collateral review because to do so would give the movant the double benefit of a favorable plea agreement, with a significant downward durational departure, and then the benefit of an issue he or she failed to raise at the trial court or on direct appeal.

Affirmed.