(107 P.3d 451)

No. 92,393

MATTHEW H. SNYDER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 4, 2005.

*Matthew J. Edge*, assistant appellate defender, for appellant.

*Amy Hanley*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE and HILL, JJ.

RULON, C.J.: Movant Matthew H. Snyder appeals the district court's summary denial of his motion filed under K.S.A. 2004 Supp. 60-1507. The movant contends the district court erred in refusing to grant his request to be resentenced under *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004). We affirm.

In July 2001, the State charged the movant with manufacture, or attempted manufacture, of methamphetamine, in violation of K.S.A. 65-4159(a); possession of drug-manufacturing paraphernalia, in violation of K.S.A. 2001 Supp. 65-4152(a)(3); unlawful possession of anhydrous ammonia, in violation of K.S.A. 2001 Supp. 65-4152(a)(4); unlawful possession of ephedrine or pseudoephedrine, in violation of K.S.A. 2001 Supp. 65-7006(a); possession of methamphetamine, in violation of K.S.A. 65-4160(a); failure to wear a safety belt, in violation of K.S.A. 8-2503; failure to provide proof of liability insurance, in violation of K.S.A. 40-3104; failure to provide proof of valid registration, in violation of K.S.A. 8-142;

driving under the influence of drugs, in violation of K.S.A. 8-1567(a)(4); fleeing or attempting to elude an officer, in violation of K.S.A. 8-1568(a); and obstructing legal process or official duty, in violation of K.S.A. 21-3808(a).

Pursuant to plea negotiations, the movant agreed to enter a plea of no contest to manufacture of methamphetamine. In return, the State agreed to dismiss the remaining charges in this case, the charges in another case, and probation revocation proceedings in two additional cases. Additionally, the State agreed to recommend a downward departure sentence of 84 months. Following the sentencing recommendation in the plea agreement, the district court imposed an 84-month sentence for the conviction of manufacture of methamphetamine. The district court did not inform the movant on the record of his right to appeal his sentence.

On February 5, 2004, the movant filed a motion under K.S.A. 2003 Supp. 60-1507, arguing that, according to *McAdam*, his conviction for manufacture of methamphetamine should have been sentenced as a severity level 3 drug felony. The district court, relying upon this court's opinion in *Wilson v. State*, 31 Kan. App. 2d 728, 71 P.3d 1180, *rev. denied* 276 Kan. 974 (2003), summarily denied the motion.

Thereafter, on February 25, 2004, the movant filed a motion to correct an illegal sentence, under K.S.A. 22-3504(1), arguing his offense should have been sentenced as a misdemeanor under K.S.A. 65-4127c or, in the alternative, as a severity level 3 drug felony under K.S.A. 65-4161(a). The district court dismissed the motion as successive to the previous collateral attack upon sentencing.

The only notice of appeal within the record is taken from the judgment dismissing the relief requested in the 1507 motion.

A district court has a statutory duty to hold a hearing on a 1507 motion unless the motion, files, and records of the case conclusively demonstrate that the movant is entitled to no relief. K.S.A. 2004 Supp. 60-1507(b). In determining that a movant is not entitled to relief, the district court must enter sufficient factual findings to support its legal conclusions on every issue raised by the movant. See *Stewart v. State*, 30 Kan. App. 2d 380, 381, 42 P.3d 205 (2002);

Rule 183(j) (2004 Kan. Ct. R. Annot. 221). Here, the district court ruled as a matter of law that this movant was barred from collaterally attacking his sentence imposed after obtaining the benefit of a favorable plea agreement, following the reasoning of *Wilson*.

In *McAdam*, our Supreme Court held that compounding a controlled substance under 65-4161(a), a severity level 3 drug felony, was equivalent to manufacturing a controlled substance under 65-4159(a), a severity level 1 drug felony. Following *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), and *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989), the court held that McAdam could be sentenced only to the less severe penalty prescribed by the two statutes.

However, whereas *McAdam* involved a direct appeal from a conviction by a jury, the movant seeks to collaterally attack his sentence, after entering a guilty plea and failing to take a direct appeal within 10 days of sentencing. See K.S.A. 22-3608(c). Incidentally raising *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), the movant suggests we should treat appeals from collateral attacks in the same manner as this court treats direct appeals. Notably, the movant does not assert that he had no knowledge of his right to appeal his sentence or that his counsel improperly failed to file a direct appeal as directed.

A mere suggestion of the applicability of an *Ortiz* exception to the filing requirements of an appeal is insufficient to raise the issue before this court. An appellant seeking relief from the denial of an appeal right must either raise the issue before the district court to provide a proper factual record or move the appellate court to remand the case for the creation of such a record. See *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986). Under the circumstances presented by this appeal, consideration of the issue as a direct appeal is improper.

As a result, the situation presented here is analogous to *Wilson*, wherein Wilson collaterally attacked a severity level 1 drug felony sentence for possession of ephedrine or pseudoephedrine, K.S.A. 2001 Supp. 65-7006(a), relying upon this court's opinion in *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). In *Frazier*, a panel of this court concluded that con-

duct proscribed by K.S.A. 2001 Supp. 65-7006(a), a severity level 1 drug felony, was identical to the conduct proscribed by K.S.A. 2001 Supp. 65-4152(a)(3), a severity level 4 drug felony. This court reasoned, consistent with *Clements* and *Nunn*, that Frazier must be sentenced according to the less severe penalty prescribed by the two statutes criminalizing Frazier's conduct.

After reviewing our Supreme Court's decisions in *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994), and *Easterwood v. State*, 273 Kan. 361, 383, 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002), however, this court in *Wilson*, 31 Kan. App. 2d at 734, determined that the rule announced in *Frazier* should not be applied retroactively. In the current appeal, the movant urges this court to conclude that *Wilson* was wrongly decided.

Clearly, the movant's sentence was not illegal as he was validly charged with manufacture of methamphetamine under K.S.A. 65-4159(a) and duly convicted of that offense upon entering a favorable plea agreement, resulting in the State's dismissal of several additional charges and the State's recommendation of a substantial downward durational departure sentence. The sentence imposed contained no ambiguity, and the district court properly possessed jurisdiction to sentence the movant. See *State v. Barnes*, 278 Kan. 121, 123-24, 92 P.3d 578 (2004) (citing *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 [1997], for the definition of an illegal sentence). Therefore, in order to establish a basis for a collateral attack under K.S.A. 2004 Supp. 60-1507, the movant must establish some other sentencing infirmity.

State courts are under no constitutional duty to apply their decisions interpreting criminal law retroactively. See *Wilson*, 31 Kan. App. 2d at 733 (citing *Fiore v. White*, 531 U.S. 225, 148 L. Ed. 2d 629, 121 S. Ct. 712 [2001], and *Bousley v. United States*, 523 U.S. 614, 140 L. Ed. 2d 828, 118 S. Ct. 1604 [1998]). Because the movant did not appeal his sentence, his direct criminal proceedings were final prior to January 30, 2004, when *McAdam* was decided. *McAdam* does not establish a new constitutional rule of criminal procedure or state that the movant could not be convicted of the crime as set forth in the plea agreement. See *Barnes*, 278 Kan. at 127.

Moreover, our Supreme Court has recognized that the United States Constitution provides no right to the lesser of two penalties afforded under separate statutes proscribing similar conduct. See *Barnes*, 278 Kan. at 123 (citing *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 [1979]).

"[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion [the prosecutor] exercises when choosing one of two statutes with identical elements. In the former situation, once [the prosecutor] determines that the proof will support conviction under either statute, [the prosecutor's] decision is indistinguishable from the one [the prosecutor] faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. [Citations omitted.]" *Batchelder*, 442 U.S. at 125.

It is highly unlikely that the Kansas Constitution provides any greater constitutional rights than the United States Constitution in this arena. Kansas courts have generally interpreted provisions of the Kansas Constitution Bill of Rights consistent with the interpretation given the individual rights provisions of the United States Constitution. See *State v. Morris*, 255 Kan. 964, 979-81, 880 P.2d 1244 (1994) (provisions of Section 10 of the Kansas Constitution Bill of Rights afford no greater protection against self-incrimination than the Fifth Amendment to the United States Constitution); *State v. Schultz*, 252 Kan. 819, 824, 850 P.2d 818 (1993) (scope of Section 15 of the Kansas Constitution Bill of Rights generally identical to the scope of the Fourth Amendment to the United States Constitution); *In re Habeas Corpus Petition of Lucas*, 246 Kan. 486, 489, 789 P.2d 1157 (1990) (Section 10 of the Kansas Constitution Bill of Rights entitles a criminal defendant to the same protection against double jeopardy afforded by the United States Constitution).

"The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution finds its counterpart in Sections 1 and 2 of the Bill of Rights of the Kansas Constitution which declare respectively that 'All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness,' and that 'all free governments . . . are instituted for [the] equal protection and benefit' of the people. These two provisions are given much

the same effect as the clauses of the Fourteenth Amendment relating to due process and equal protection of the law. [Citation omitted.]" *State ex rel. Tomasic v. Kansas City, Kansas Port Authority*, 230 Kan. 404, 426, 636 P.2d 760 (1981).

Even though the Kansas Supreme Court, in *Clements, Nunn, McAdam,* and *Barnes*, has provided relief in sentencing when a criminal defendant is sentenced to the harsher penalty of two statutes proscribing identical conduct, none of those cases suggest that their holdings are constitutionally mandated by the Kansas Constitution Bill of Rights.

Therefore, the statutory interpretation of 65-4159(a) and 65-4161(a) effected by *McAdam* did not represent a new constitutional principle which either removed the conduct at issue from the criminal code or involved a procedure " 'implicit in the concept of ordered liberty.' " *Whisler v. State*, 272 Kan. 864, 870, 36 P.3d 290 (2001), *cert. denied* 535 U.S. 1066 (2002). As a result, the general proposition that new case law " 'should not be applied retroactively to cases on collateral review,' " 272 Kan. at 870, controls this appeal. See *Whisler*, 272 Kan. at 870 (quoting *Teague v. Lane*, 489 U.S. 288, 305, 307, 103 L. Ed. 2d 334, 109 S. Ct. 1060 [1989]). Without clear direction from our Supreme Court to the contrary, therefore, this court declines to extend the holding in *McAdam* to collateral challenges of properly imposed sentences.

As a result, the movant fails to provide a persuasive argument for this court to depart from the reasoning of *Wilson*. We decline to apply the holding of *McAdam* retroactively to cases collaterally attacking a proper sentence imposed prior to the decision in *McAdam*. The district court's summary denial of the 1507 motion was proper.

Affirmed.