NOT DESIGNATED FOR PUBLICATION

No. 113,489

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY L. HAMMITT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 18, 2016. Sentence vacated and remanded.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.

*Per Curiam*:  Gary L. Hammitt appeals the district court's denial of his motion to correct an illegal sentence. He asserts that the district court erred in classifying his 1979 Kansas felony burglary conviction as a person offense based on *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). He also claims that the district court erred in classifying his 1980 Kansas misdemeanor battery conviction as a person offense based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

1

Hammitt's claimed illegal sentence arose following his 2009 convictions for two second-degree murders, an aggravated battery, and a felony DUI. His criminal history consisted of 33 prior convictions, including 1 adult person felony conviction and 3 adult person misdemeanor convictions. The person misdemeanor convictions were aggregated into one person felony pursuant to K.S.A. 21-4711(a). His criminal history included two Kansas person convictions before the Kansas Sentencing Guidelines Act (KSGA) became effective in 1993: a 1979 felony burglary conviction and a 1980 misdemeanor battery conviction.

Based on a criminal history score of B, to which Hammitt did not object, the court sentenced Hammitt to serve 460 months in prison and 12 months in the county jail to be served consecutive to his prison term. The Kansas Supreme Court affirmed Hammitt's sentence. *State v. Hammitt*, No. 102,562, 2010 WL 1881817 (Kan. 2010) (unpublished opinion). He later moved to withdraw his pleas, but that motion was denied and later affirmed on appeal to this court. *State v. Hammitt*, No. 107,496, 2013 WL 1729253 (Kan. App. 2013) (unpublished opinion), *rev. denied* 297 Kan. 1250 (2013).

Hammitt then moved to correct an illegal sentence based on *Murdock*. He followed with a second motion to correct an illegal sentence based on the holding in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). He claimed in his motions that his 1979 burglary conviction and 1980 battery conviction should have been classified as nonperson offenses for criminal history purposes.

The district court denied Hammitt's motions, finding that *Murdock* and *Dickey* did not provide a basis for relief, that Hammitt had waived any challenge to his criminal history score, and that *Murdock* was not applied retroactively to cases on collateral review. This appeal followed.

2

On appeal, Hammitt argues the district court erred in classifying his 1979 Kansas felony burglary conviction as a person offense based on *Dickey.* He also argues the district court erred in classifying his 1980 Kansas misdemeanor battery conviction as a person offense based on *Murdock.* These arguments raise a question of law over which we have unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

*1979 Burglary Conviction*

Hammitt contends that based upon our Supreme Court's holding in *Dickey*, the classification of his 1979 burglary conviction as a person offense violated his Sixth Amendment jury trial rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In response, the State contends Hammitt's claim is barred because he did not challenge his criminal history score in his direct appeal; or, in the alternative, *Dickey* does not apply retroactively to Hammitt's collateral challenge of his sentence.

In *Dickey*, the defendant pled guilty to felony theft. His criminal history included a 1992 juvenile adjudication for burglary. The district court treated this burglary as a person felony and sentenced Dickey to a prison term. Dickey appealed, arguing that this classification of his prior burglary conviction violated his jury trial rights under *Apprendi* and *Descamps*.

In *Apprendi*, the Supreme Court of the United States held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Descamps*, the Supreme Court determined that the holding in *Apprendi* applies when a district court enhances a defendant's sentence based on a finding

3

that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

Applying *Apprendi* and *Descamps*, the court in *Dickey* determined the burglary statute in effect when Dickey committed the 1992 burglary did not require proof that the burglarized structure was a dwelling. Thus, determining whether Dickey's burglary involved a dwelling "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. From this the court concluded that "classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Similar to *Dickey*, the statute under which Hammitt was convicted in 1979 did not include the element that the burglarized building was a dwelling. Burglary was defined at the time as "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 21-3715 (Weeks 1974).

Since then, K.S.A. 21-3715 (now K.S.A. 2015 Supp. 21-5807), the statute in effect at Hammitt's sentencing, defined burglary as:

> "Knowingly and without authority entering into or remaining within any:
> "(a) Building, manufactured home, mobile home, tent or other structure which *is a dwelling*, with intent to commit a felony, theft or sexual battery therein;
> "(b) building, manufactured home, mobile home, tent or other structure which *is not a dwelling*, with intent to commit a felony, theft or sexual battery therein;
> . . . .

4

"Burglary as described in subsection (a) is a severity level 7, person felony. Burglary as described in subsection (b) is a severity level 7, nonperson felony. . . ." (Emphasis added.)

Because the burglary statute in effect at the time Hammitt committed the burglary did not require the burglarized building to be a dwelling, classifying the crime as a person offense required the court to go beyond merely finding the existence of the prior burglary conviction or the statutory elements constituting burglary in order to find that the burglarized structure was a dwelling. Accordingly, classifying Hammitt's 1979 burglary conviction as a person felony violated his constitutional rights as described in *Apprendi* and *Descamps* and as applied in *Dickey*.

*Waiver*

The State argues Hammitt waived the opportunity to challenge the classification of his prior convictions when he did not raise the issue in his direct appeal. But K.S.A. 22-3504(1) specifically authorizes a court to "correct an illegal sentence at any time." See *State v. Flores*, 283 Kan. 380, 382-83, 153 P.3d 506 (2007). Moreover, the Kansas Supreme Court has recognized that a criminal defendant may raise a challenge to an illegal sentence on collateral review. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011).

An illegal sentence is a sentence "'imposed by a court without jurisdiction, a sentence *which does not conform to the applicable statutory provision, either in character or the term of the punishment authorized*, or a sentence that is ambiguous with respect to the time and manner in which it is to be served.' (Emphasis added.) [Citations omitted.]" 292 Kan. at 630. Hammitt's sentence did not conform to the applicable statutory provisions. See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015). If Hammitt's criminal history score is incorrect, his sentence cannot conform to the

5

applicable statutory provision in the term of punishment authorized. Hammitt has not waived this claim.

*Retroactivity of* Dickey

Alternatively, the State contends *Dickey* should not be applied retroactively to Hammitt's case. The State argues Hammitt is not entitled to relief under *Dickey* because his direct appeal was already final when *Dickey* was issued.

Generally, determining whether a change in the law applies retroactively in collateral proceedings involves a three-step process:

> "'First, the court must determine whether the movant has properly raised the issue in his or her collateral attack. Supreme Court Rule 183(c) limits the issues that may be raised in a collateral attack. . . . Second, the court determines whether the case was final when the new law was established. . . . If a case was final when the new law was established, the general rule is that the new law will not be applied to cases on collateral attack. [Citation omitted.] Third, if the case was final before the new law was established, the court must determine whether any exception to the general rule against retroactive application applies.'" *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007) (quoting *Gaudina v. State*, 278 Kan. 103, 105, 92 P.3d 574 [2004]).

There is an exception to the general rule against retroactivity when the change in the law (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to prosecute, or (2) is a watershed rule requiring the observance of those procedures that are implicit in the concept of ordered liberty." *Whisler v. State*, 272 Kan. 864, Syl. ¶ 1, 36 P.3d 290 (2001), *cert. denied* 535 U.S. 1066 (2002).

6

Here, the first exception clearly does not apply. With respect to the second exception, *Dickey* was not a watershed ruling. It did not create a new rule of constitutional criminal procedure or otherwise establish a new rule of law. Instead, it applied the constitutional rule of law already established in *Apprendi*. See *Luarks*, 302 Kan. at 977-78 (finding the classification of the defendant's 1981 burglary conviction was prohibited by *Descamps* and *Apprendi*, as the Kansas Supreme Court applied those decisions in *Dickey*).

The State relies on *State v. Wilson*, 31 Kan. App. 2d 728, 71 P.3d 1180, *rev. denied* 276 Kan. 974 (2003). But *Wilson* does not control. *Wilson* involved a criminal defendant's collateral challenge to his sentence following the Kansas Supreme Court's decision in *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). This court declined to apply *Frazier* retroactively. But *Frazier* pronounced a new rule of law, and, therefore, the question presented in *Wilson* was whether the new rule of law should be applied retroactively to cases on collateral review.

Moreover, whether *Dickey* applies retroactively is of no consequence here. Shortly after *Apprendi*, the Kansas Supreme Court held "the new constitutional sentencing rule established by *Apprendi*" applied in all cases arising after June 26, 2000. *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001); see *Whisler*, 272 Kan. at 879; *Verge v. State*, 50 Kan. App. 2d 591, 599, 335 P.3d 679 (2014), *rev. denied* 302 Kan. ___ (2015). Although Hammitt relies on *Dickey*, his claim is more accurately evaluated under *Apprendi*. The *Dickey* court did not recognize for the first time the constitutional right that prohibited the district court from classifying his burglary conviction as a person felony. That right was first recognized in *Apprendi*. The *Dickey* court merely applied *Apprendi* to circumstances which are the same as the circumstances now before us. Because Hammitt's case arose in 2008, it is undisputed that *Apprendi* applies to Hammitt's motion to correct an illegal sentence.

Finally, no caselaw or statute limits a court reviewing a motion to correct an illegal sentence to the law existing at the time of the defendant's sentence or the caselaw established during the pendency of the defendant's direct appeal. Thus, current caselaw can be applied to Hammitt's motion to correct an illegal sentence, allowing *Dickey* to be applied here.

Based on this analysis, we conclude that the district court erred in classifying Hammitt's 1979 felony burglary conviction as a person offense. His sentence, therefore, is illegal and must be vacated, and the case must be remanded to the district court for resentencing. On remand, the district court should classify Hammitt's burglary conviction as a nonperson offense.

*1980 Battery Conviction*

Hammitt also challenges the classification of his 1980 Kansas misdemeanor battery conviction. Based on *Murdock*, Hammitt contends his battery conviction should have been classified as a nonperson offense. He also contends the retroactive application of House Bill 2053 violates the Ex Post Facto Clause of the United States Constitution.

In *Murdock*, the Kansas Supreme Court held that out-of-state crimes committed before the enactment of the KSGA in 1993 must be classified as nonperson offenses for criminal history purposes. 299 Kan. 312, Syl. ¶ 5. But in *State v. Waggoner*, 51 Kan. App. 2d 144, 155-56, 343 P.3d 530, *rev. denied* 303 Kan. ___ (2015), this court determined that *Murdock* did not apply to in-state convictions.

Recently in *Keel*, the Kansas Supreme Court overruled *Murdock*. The *Keel* court clarified that the classifications of in-state and out-of-state pre-KSGA convictions are to be determined by looking to the statute criminalizing the prior offense (if in-state) or to

8

the comparable offense statute (if out-of-state) in effect on the date the defendant committed the current crime of conviction. 302 Kan. at 581.

At the time of Hammitt's crimes in 2008, battery was a person misdemeanor in Kansas. See K.S.A. 21-3412(b). Based on *Keel*, the district court did not err in classifying Hammitt's pre-KSGA battery conviction as a person offense. Thus, the district court's aggregation of Hammitt's three person misdemeanors into a felony was appropriate.

Alternatively, Hammitt contends the retroactive application of House Bill 2053 violates the Ex Post Facto Clause of the United States Constitution. House Bill 2053 amended K.S.A. 2015 Supp. 21-6810, effective April 2, 2015. The statute now states: "Prior misdemeanors for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2015 Supp. 21-6810(d)(5). The amended statute also instructs: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." K.S.A. 2015 Supp. 21-6810(e).

Hammitt argues that the retroactive application of K.S.A. 2015 Supp. 21-6810, as amended, increases his sentence by altering the formula used to calculate the applicable sentencing range. He claims the statute in effect at the time of his offense, as interpreted by the Kansas Supreme Court in *Murdock*, required his pre-KSGA conviction to be classified as a nonperson offense. He concludes that the retroactive alteration of the method used to calculate the applicable sentencing range violates his rights under the Ex Post Facto Clause.

But the Kansas Supreme Court overruled *Murdock*, and, based on *Keel*, the district court properly classified Hammitt's battery conviction as a person offense. See *Keel*, 302 Kan. at 581.

9

As a result, Hammitt's ex post facto claim is now moot. We are able to independently decide the issue under *Keel* and do not need to retroactively apply K.S.A. 2015 Supp. 21-6810(d)(5). Moreover, the classification of Hammitt's battery conviction based on the comparable 2008 offense complies with the Ex Post Facto Clause. See *Keel*, 302 Kan. at 589 ("[C]lassifying a prior conviction or juvenile adjudication based on the classification in effect for the comparable offense when the current crime was committed complies with the Ex Post Facto Clause of the United States Constitution.").

Sentence vacated and remanded for resentencing.