(42 P.3d 188)

No. 86,741

STATE OF KANSAS, *Appellee*, v. TROY D. FRAZIER, *Appellant*.

Opin-ion filed March 15, 2002.

*Kristen Chowning*, assistant appellate defender, and *Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Julia D. Allen*, assistant county attorney, *F. William Cullins*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., GREEN, J., and PADDOCK, S.J.

GREEN, J.: Troy D. Frazier appeals his conviction of and sentence for possession of ephedrine or pseudoephedrine. On appeal, Frazier argues (1) that the trial court erred in failing to instruct the jury on the definition of possession; (2) that the evidence was insufficient to support his conviction; (3) that K.S.A. 2001 Supp. 65-7006(a) is unconstitutionally vague; and (4) that the trial court imposed an illegal sentence. We affirm Frazier's conviction, vacate his sentence, and remand for resentencing.

On March 22, 2000, Theresa Foster picked up Frazier from a friend's residence and the two went to the Coffeyville, Kansas, Wal-Mart to purchase presents for Foster's daughter's birthday. After shopping, the couple went to the Schwinn Motel, where Foster had stayed the night before. Foster and Frazier then drove to Parsons, Kansas, to attend her daughter's birthday party.

After Foster and Frazier left the motel, police officers executed a search warrant for Foster's motel room as part of a narcotics investigation. When the officers arrived at the motel room, they knocked on the door, but no one answered. The officers then set up a surveillance of the room and waited for the occupants to return.

After the party, Frazier, Foster, Foster's two children, and Penny Collins went to the Coffeyville Wal-Mart. Collins and Foster's daughter went into the store, purchased some items, and put the items into the trunk of the car. The group then returned to the motel.

An officer surveilling the motel room observed Frazier retrieve two Wal-Mart bags from the trunk of the vehicle and carry the bags towards the motel room. Frazier approached the motel room with a key in his hand and was attempting to unlock the door when the officer took him into custody. The bags that Frazier was carrying contained 5 cans of starter fluid, 14 boxes of cold or allergy pills,

and 4 lithium batteries. The officer deduced that the items in the bags were to be used to manufacture methamphetamine based on the combination and amount of the items.

Frazier was charged with several drug offenses, but all of the charges except one count of possession of ephedrine or pseudoephedrine were dismissed before the case was submitted to the jury. A jury convicted Frazier of possession of ephedrine or pseudoephedrine. He was sentenced to the standard term of 150 months' imprisonment based on his criminal history score of H and a drug severity level 1 felony.

*Instruction on Definition of Possession*

Frazier's first argument on appeal is that the trial court erred in failing to instruct the jury on the definition of possession. Frazier concedes that he failed to request an instruction on the definition of possession. Accordingly, our standard of review is as follows:

"No party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds of his or her objection, unless the instruction or the failure to give the instruction is clearly erroneous. K.S.A. 22-3414(3). Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred. [Citation omitted.]" *State v. Evans*, 270 Kan. 585, 588, 17 P.3d 340 (2001).

Frazier argues that the instruction on the definition of possession was necessary because he was in constructive possession of the bags containing the methamphetamine precursors. A defendant is in constructive possession of illegal items if the items are found on premises where the defendant is in nonexclusive possession, rather than on the defendant's person. See *State v. Hazley*, 28 Kan. App. 2d 664, 672, 19 P.3d 800 (2001).

Here, however, Frazier did not constructively possess the items in the two Wal-Mart bags because the items were found in his actual possession. As such, this is not a case where the State asked the jury to conclude that Frazier was guilty simply because he was present at a location where illegal items were discovered. Instead, Frazier had actual possession of the items in the Wal-Mart bags

because he was carrying the bags. "Possession" under the law involves "[h]aving control over a . . . thing with knowledge of and the intent to have such control." PIK Crim. 3d 53.00 (2000 Supp.). The omission of that definition in this case was not clearly erroneous.

Nevertheless, Frazier contends that without an instruction on the definition of possession, the jury could have concluded that he was guilty solely because he was carrying the bags to the motel room without knowing what the bags contained. This argument is without merit because the jury was instructed that to convict Frazier of possession of ephedrine or pseudoephedrine, the State was required to prove that Frazier "knowingly possessed ephedrine or pseudoephedrine with the intent to use the product as a precursor to any illegal substance." Because the trial court instructed the jury that an element of the offense was an intent to use the items for an illegal purpose, the jury was implicitly required to find that Frazier knew what the bags contained. As a result, we find that the trial court's failure to instruct the jury on the definition of possession was not clearly erroneous.

*Sufficiency of the Evidence*

Next, Frazier contends that the evidence was not sufficient to support his conviction of possession of ephedrine or pseudoephedrine. When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Jasper*, 269 Kan. 649, 655, 8 P.3d 708 (2000).

Frazier was convicted of possession of ephedrine or pseudoephedrine in violation of K.S.A. 2001 Supp. 65-7006(a). The statute provides: "It shall be unlawful for any person to possess ephedrine, pseudoephedrine or phenylpropanolamine, or their salts, isomers or salts of isomers with intent to use the product as a precursor to any illegal substance." K.S.A. 2001 Supp. 65-7006(a).

Frazier contends that the State failed to prove he possessed a substance prohibited by K.S.A. 2001 Supp. 65-7006(a). He argues

that the legislature's reference to "ephedrine" and "pseudoephedrine" in that subsection of the statute indicates an intent to address pure ephedrine. According to Frazier, the evidence is insufficient to support his conviction because the State did not prove that he possessed pure ephedrine. Instead, Frazier concedes that, at most, the evidence established that he possessed a drug product containing ephedrine or pseudoephedrine.

To support his argument, Frazier notes that subsections (b) and (c) of the statute prohibit certain types of marketing of "any drug product containing ephedrine." See K.S.A. 2001 Supp. 65-7006(b) and (c). Frazier claims that a plain reading of the statute indicates that when the legislature intended to address a drug product containing ephedrine, it called it just that and by failing to use that language in subsection (a), the legislature intended to address only pure ephedrine.

Interpretation of a statute is a question of law; therefore, this court's standard of review is unlimited. *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998).

"It is fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.] Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

Frazier's argument that K.S.A. 2001 Supp. 65-7006(a) addresses only pure ephedrine is without merit. Interpreting the statute to prohibit possession of only pure ephedrine would be to include language that is not readily found in the statute. K.S.A. 2001 Supp. 65-7006(a) is a general statute that addresses not only pure ephedrine or pseudoephedrine, but also drug products containing ephedrine or pseudoephedrine. Such an interpretation is consistent with the legislative intent of the statute to prohibit the use of otherwise legal drugs containing ephedrine or pseudoephedrine in the man-

ufacture of illegal substances. As a result, this court finds that K.S.A. 2001 Supp. 65-7006(a) is not limited to the possession of pure ephedrine.

We further find that the evidence is sufficient to support Frazier's conviction. A forensic chemist with the Kansas Bureau of Investigation testified that the pills recovered from Frazier contained ephedrine or pseudoephedrine. After review of all the evidence, viewed in the light most favorable to the State, a rational factfinder could have found Frazier guilty beyond a reasonable doubt. As a result, the evidence is sufficient to support Frazier's conviction of possession of ephedrine or pseudoephedrine.

*Constitutionality of K.S.A. 2001 Supp. 65-7006(a)*

Next, Frazier argues that K.S.A. 2001 Supp. 65-7006(a) is unconstitutionally vague. Frazier's constitutional claim, however, was not presented to the trial court. Generally, where constitutional grounds are asserted for the first time on appeal, they are not properly before the appellate court for review. *State v. Mason*, 268 Kan. 37, 39, 986 P.2d 387 (1999). We may consider such issues in exceptional circumstances where the asserted error involves a strictly legal question that will be determinative of the case or where consideration of the new issue is necessary to serve the interests of justice or to prevent a denial of fundamental rights. *State v. Bell*, 258 Kan. 123, Syl., 899 P.2d 1000 (1995).

Frazier has not alleged that any of the recognized exceptions to this rule are present in the instant case. See *Mason*, 268 Kan. at 39; *State v. Mincey*, 265 Kan. 257, 267, 963 P.2d 403 (1998). As such, we find that the constitutionality of K.S.A. 2001 Supp. 65-7006(a) is not properly before this court, and we refuse to consider the issue in this appeal.

*Illegal Sentence*

Finally, Frazier argues that the trial court imposed an illegal sentence. Frazier contends that the conduct for which he was convicted was proscribed by both the statute prohibiting possession of ephedrine or pseudoephedrine, a drug severity level 1 felony (K.S.A. 2001 Supp. 65-7006[a]), and the statute prohibiting pos-

session of drug paraphernalia, a drug severity level 4 felony (K.S.A. 2001 Supp. 65-4152[a][3]). Frazier contends that his sentence should have been based upon the statutory limits for drug severity level 4 felonies, rather than those for drug severity level 1 felonies.

Although Frazier failed to bring this argument to the trial court, this court has "jurisdiction to correct an illegal sentence at any time." See *Sisk*, 266 Kan. at 43. Moreover, the statutes at issue must be construed in favor of Frazier. See *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998) ("[C]riminal statutes must be strictly construed in favor of the accused.").

To support his argument that the trial court erred in sentencing him, Frazier relies on *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989). The defendant in *Nunn* was convicted of aggravated criminal sodomy. On appeal, the defendant argued that aggravated criminal sodomy, a class B felony, and indecent liberties with a child, a class C felony, were identical offenses and, as a result, the trial court erred in sentencing him to a class B felony. The *Nunn* court found that the offenses were identical because they had the same elements. The court held that "[w]here two criminal offenses have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision." 244 Kan. at 229. As a result, the *Nunn* court remanded the case with directions to sentence Nunn to a class C felony. See also *State v. Clements*, 241 Kan. 77, Syl. ¶ 3, 734 P.2d 1096 (1987) ("Where two offenses are identical except for the class of felony to which each is assigned, a defendant may be sentenced only under the lesser penalty section.").

Frazier contends that K.S.A. 2001 Supp. 65-4152(a)(3) has identical elements to K.S.A. 2001 Supp. 65-7006(a). K.S.A. 2001 Supp. 65-4152(a)(3) makes it illegal to possess with the intent to use "any drug paraphernalia to . . . manufacture . . . a controlled substance." Drug paraphernalia is defined in K.S.A. 65-4150(c) to include "all equipment, products and materials of any kind which are used or intended for use in . . . manufacturing . . . a controlled substance." The statute lists various types of items that are included within the definition of drug paraphernalia. Although

ephedrine or pseudoephedrine is not named, the statute indicates that the list is not all-inclusive. See K.S.A. 65-4150(c).

This court finds that the trial court erred in sentencing Frazier. Possession of ephedrine or pseudoephedrine and possession of drug paraphernalia are identical offenses. Both offenses prohibit the possession of ephedrine or pseudoephedrine for use in the manufacture of a controlled substance. Ephedrine and pseudoephedrine fall within the definition of drug paraphernalia because they are materials used to manufacture a controlled substance. See K.S.A. 65-4150(c).

Possession of ephedrine or pseudoephedrine and possession of drug paraphernalia are identical offenses even though the statutes use different language to describe the elements. For example, K.S.A. 2001 Supp. 65-7006(a) uses the terms "ephedrine" and "pseudoephedrine" to describe the type of prohibited item, whereas the statute prohibiting possession of drug paraphernalia, K.S.A. 2001 Supp. 65-4152, uses the general terms "equipment, products and materials." However, because ephedrine and pseudoephedrine constitute products or materials, those elements are identical. Similarly, the possession of ephedrine or pseudoephedrine statute prohibits possession of ephedrine or pseudoephedrine "with intent to use the product as a precursor to any illegal substance" where the possession of drug paraphernalia statute prohibits possession of a product with intent to "manufactur[e] . . . a controlled substance." Although the statutes use different language, they require the same requisite criminal intent and, as such, the elements are identical. As a result, we find that possession of ephedrine or pseudoephedrine and possession of drug paraphernalia are identical offenses.

In so holding, we reject the State's contention that if Frazier's argument were taken to its logical conclusion, the punishment for possession of cocaine and possession of marijuana would be the same. The State's position is without merit. Unlike ephedrine and pseudoephedrine, cocaine and marijuana are controlled substances. See K.S.A. 2001 Supp. 65-4105(d)(24) (marijuana); K.S.A. 2001 Supp. 65-4107(b)(5) (cocaine). As such, the elements of possession of marijuana and possession of cocaine are not identical to

the elements of possession of drug paraphernalia because marijuana and cocaine are not materials used to manufacture a controlled substance.

As a result, the case is remanded to the trial court with directions to correct the sentence imposed to conform to the penalties for a drug severity level 4 felony, rather than a drug severity level 1 felony.

Conviction affirmed, sentence vacated, and case remanded for resentencing.