No. 89,957

STATE OF KANSAS, *Appellee,* v. EDWARD SWISHER, *Appellant.*

(132 P.3d 1274)

Opinion filed April 28, 2006.

*Michael T. Whalen,* of Wichita, argued the cause, and *Randall L. Hodgkinson,* deputy appellate defender, was on the briefs for appellant.

*Ty Kaufman,* county attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This is another in what has become a long line of cases interpreting and applying our previous rulings regarding identical and overlapping offenses, as those concepts and their effects on sentencing are outlined in *State v. McAdam,* 277 Kan. 136, 83 P.3d 161 (2004), and *State v. Campbell,* 279 Kan. 1, 106 P.3d 1129 (2005).

A review of the procedural history of this matter is essential to arrive at a resolution.

Pursuant to a plea bargain, defendant Edward Swisher was convicted in late September 2001 of one count of possession of ephedrine in violation of K.S.A. 2001 Supp. 65-7006(a), a severity level 1 felony, and one count of second-time possession of methamphetamine in violation of K.S.A. 2001 Supp. 65-4160, a severity level 2 drug felony. The district court imposed a controlling presumptive sentence of 178 months for the possession of ephedrine conviction and a concurrent sentence of 49 months for the second-time possession of methamphetamine conviction.

Swisher filed an appeal on December 13, 2001, which this court ultimately dismissed for lack of jurisdiction in July 2002. See *State v. Swisher*, No. 88,303, unpublished opinion filed July 12, 2002 (*Swisher I*); K.S.A. 21-4721(c)(1) (appellate court lacks jurisdiction to consider presumptive sentence under Kansas Sentencing Guidelines).

This action began on October 26, 2002, when Swisher filed a pro se motion to correct an illegal sentence, seeking resentencing on the possession of ephedrine conviction under the Court of Appeals' decision in *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188 (2002), *rev. denied* 274 Kan. 1115 (2002), which was handed down while Swisher's direct appeal was pending. We eventually approved the result and rationale of *Frazier* in *State v. Campbell*, 279 Kan. 1, 106 P.3d 1129 (2005), on January 31, 2005, ruling that a defendant convicted of severity level 1 drug felony possession of ephedrine in violation of K.S.A. 2005 Supp. 65-7006(a) can be sentenced only as if convicted of severity level 4 drug felony possession of drug paraphernalia in violation of K.S.A. 2005 Supp. 65-4152(a)(3). *Campbell*, 279 Kan. at 16-17. Swisher had not argued or otherwise raised the *Frazier* issue on his direct appeal, even though Swisher's counsel on direct appeal was a lawyer in the office of the Appellate Defender (ADO) and a different lawyer in the same office had represented the defendant in *Frazier*.

Under these circumstances, the district court judge denied Swisher's motion to correct an illegal sentence, ruling the *Frazier* decision could not be applied retroactively to his case.

Swisher appealed, and the Court of Appeals initially affirmed. *State v. Swisher*, No. 89,957, unpublished opinion filed August 15,

2003 (*Swisher II*). The panel stated that Swisher could have raised an identical offense argument in his direct appeal. His failure to do so meant he was unable to take advantage of *Frazier* in this action, a collateral attack on his sentence.

Swisher moved for a rehearing before the Court of Appeals, which was granted. The rehearing resulted in a ruling vacating Swisher's sentence for possession of ephedrine and remanding the case for *Frazier* resentencing in light of our *Campbell* decision. *State v. Swisher*, No. 89,957, unpublished opinion filed March 11, 2005 (*Swisher III*) (citing *Campbell*, 279 Kan. 1; *State v. Barnes*, 278 Kan. 121, 128-29, 92 P.3d 578 [2005] [defendant entitled to resentencing if case pending on appeal at the time of the decision in *McAdam* despite guilty plea]).

We now examine this case on the State's petition for review.

We first address the form of the motion filed by Swisher. The motion challenged Swisher's controlling sentence as "illegal," but our precedents are clear that a sentence imposed in violation of our rulings on identical or overlapping offenses is not "illegal" as that word is used in K.S.A. 22-3504. See *State v. Phinney*, 280 Kan. 394, 399, 122 P.3d 356 (2005) (*Frazier* context); *Barnes*, 278 Kan. at 123-24 (2004) (*McAdam* context); *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (*McAdam* context). In order for Swisher to overcome this barrier to this action, we must be willing to construe his pro se motion to correct an illegal sentence as a motion challenging his sentence under K.S.A. 60-1507. This is a construction we have been willing to employ at times in the past, and we are willing to do so again here. See, *e.g.*, *Love v. State*, 280 Kan. 553, 557, 124 P.3d 32 (2005) (pro se motion to correct illegal sentence treated as filed under K.S.A. 60-1507).

Even with that construction, however, Swisher is not out of the procedural woods. A K.S.A. 60-1507 motion is not typically an acceptable vehicle for a nonconstitutional claim of error that could have been addressed on direct appeal. See Supreme Court Rule 183(c)(3) (2005 Kan. Ct. R. Annot. 228); *Bruner v. State*, 277 Kan. 603, 607, 88 P.3d 214 (2004); see also *United States v. Batchelder*, 442 U.S. 114, 125, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979) (no constitutional right to lesser penalty when two applicable statutes

proscribe identical conduct). In order for Swisher to be entitled to the relief the Court of Appeals was willing to grant him through a K.S.A. 60-1507 motion, he must demonstrate exceptional circumstances for his failure to raise the *Frazier* argument in his direct appeal. See Supreme Court Rule 183(c).

We have found exceptional circumstances excusing a failure to raise an identical or overlapping offenses argument only once before when counsel failed to raise a *McAdam* sentencing argument on direct appeal, even though his colleague from the ADO was simultaneously, and successfully, pursuing that argument in the *McAdam* case. See *Laymon v. State*, 280 Kan. 430, 444, 122 P.3d 326 (2005). In our decision in *Laymon*, we were also willing to take the extraordinary step of ruling that the two prongs of ineffective assistance, deficient performance by counsel and prejudice as a result of the deficiency, see *State v. Baker*, 243 Kan. 1, 7, 755 P.2d 493 (1988), were demonstrated as a matter of law by the appellate record. *Laymon*, 280 Kan. at 444. In most cases, we would remand to district court for an evidentiary hearing on at least the first prong of the ineffective assistance of counsel standard. See, *e.g.*, *Lujan v. State*, 270 Kan. 163, 14 P.3d 424 (2000); *State v. Van Cleave*, 239 Kan. 117, 119-20, 716 P.2d 580 (1986).

Swisher asserts that his case is analytically identical to *Laymon* and that an identical result should follow. But there are at least two distinguishing features and a further factor that combine to persuade us to remand to the district court for an evidentiary hearing on the ineffective assistance of counsel claim in this case.

First, unlike Laymon, Swisher did not raise an ineffective assistance of counsel claim against direct appeal counsel when he was before the district court or the Court of Appeals in this action. This is not surprising, given that he was initially assigned counsel from the ADO to assist him. Recognizing the potential for a conflict of interest with its client, the ADO appropriately withdrew from the representation. After that point, substitute counsel finally raised the ineffective assistance of counsel claim via a letter of supplemental authority and oral argument before this court, but the lower courts had not had a first chance to address it. Laymon, on the other hand, had pursued a K.S.A. 60-1507 claim based on ineffec-

tive assistance of his counsel on direct appeal. See *Laymon*, 280 Kan. at 431, 436.

Second, it is important to note that the likelihood of success on a *Frazier* argument at the time Swisher's direct appeal was still pending was not as clear as the likelihood of success on a *McAdam* argument at the time Laymon's direct appeal was still pending. Swisher's direct appeal counsel had the benefit of a favorable ruling only from the Court of Appeals, a ruling that would come to be challenged by other members of that court and that would not be approved by this court for at least 34 months after Swisher's appeal was final. See *Campbell*, 279 Kan. at 13 (discussing conflict among Court of Appeals panels). The lawyer representing Laymon on direct appeal had the benefit of a favorable ruling from this court before Laymon's appeal was final.

Finally, we were persuaded by counsel for the State at oral argument that one other factor should be considered, despite its absence from our *Laymon* calculus: Our ruling in *State v. Boley*, 279 Kan. 989, 113 P.3d 248 (2005), was not handed down until June 10, 2005, long after the *Frazier* and *McAdam* decisions and long after counsel for either Swisher or Laymon would have needed to decide whether to mount a challenge based on one of those decisions. It was not until *Boley* was decided—holding that the State could not unilaterally withdraw from a plea agreement when a case was remanded for resentencing because of a *McAdam*- or *Frazier*-based error—that the lawyers representing Swisher or Laymon or any other defendant on a direct appeal from a criminal conviction arising out of plea agreement would have known for certain that a successful attack on a sentence would not imperil a favorable plea agreement. It is therefore conceivable that an appellate lawyer, knowing only what a lawyer was capable of knowing at that time, could have made a purposeful, strategic decision not to raise an argument based on identical or overlapping offenses on a sentencing appeal. In Swisher's situation, for example, his lawyer may have deliberately disregarded the potential for a successful *Frazier* argument for fear of endangering a plea bargain that had eliminated several serious charges. Such a purposeful, strategic choice would not meet the deficient performance prong of an in-

effective assistance of counsel claim. See *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004).

For these reasons, we decline to follow *Laymon* all the way to its conclusion by ruling on the merits of the ineffective assistance of direct appeal counsel claim as a matter of law. Counsel for Swisher may ultimately be correct: All roads may lead to Rome. We nevertheless prefer to travel there with more support from a fully developed record out of the district court.

The Court of Appeals is reversed; the district court is reversed; and the case is remanded for an evidentiary hearing before the district court on the issue of whether Swisher's direct appeal counsel provided ineffective assistance by failing to raise an identical or overlapping offenses argument under *Frazier*.